RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/15/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAGORDIAN BROWN | CIVIL ACTION NO. 1:11-CV-1859 |
| VERSUS | JUDGE DRELL |
| VICTOR E. JONES, JR., ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff LaGordian Brown, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff complains that he was attacked by another inmate while incarcerated at the Natchitoches Detention Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was incarcerated at the Natchitoches Detention Center from January 27, 2010 through August 24, 2011. He claims that he was physically and sexually assaulted by another inmate on October 22, 2010. On October 22nd, Plaintiff was playing cards with inmate Jessie Mills. Mills became agitated and yelling at Plaintiff. Plaintiff placed his cards on the table and walked away. Mills followed and knocked Plaintiff down, causing his head to strike a metal cage and rendering Plaintiff unconscious. While Plaintiff lay unconscious, Inmate Mills sexually assaulted Plaintiff.

Plaintiff was transported to the hospital where he received

staples for a head injury. An investigation was conducted, and charges were brought against Inmate Mills for Second Degree Battery and Sexual Battery.

## Law and Analysis

Plaintiff names as defendants Sheriff Victor Jones, Chief Calvin K. McFerrin, Inmate Jessie Mills, and the Natchitoches Parish Detention Center.

### 1. Jessie Mills

Plaintiff names his assailant, inmate Jessie Mills, as a defendant. Plaintiff filed suit under 42 U.S.C. §1983. "In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). There are no allegations that Inmate Jessie Mills was acting under color of state law; he can not

2

be described as a state actor. Any civil rights claim against Jessie Mills under Section 1983 should be dismissed.

2. **Natchitoches Parish Detention Center**

Plaintiff has named a correctional facility as a defendant. Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Natchitoches Parish Detention Center is an entity with the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A parish prison facility is not a juridical person capable of being sued. It is "not an entity, but a building." See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998); see also Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981); Blunt v. Bowles, 1997 WL 527322 (N.D.Tex. 1997)(*citing* Darby v. Pasedena Police Department, 939 F.2d 311, 313-14 (5th Cir. 1991). Plaintiff's claims against the Natchitoches Parish Detention Center should be dismissed.

3. **Sheriff Victor Jones & Chief Calvin K. McFerrin**

Plaintiff names as defendants Sheriff Victor Jones and Chief Calvin K. McFerrin. For an inmate to state a constitutional claim

of failure to prevent harm, he must allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official was "deliberately indifferent" to his health or safety. A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). To "know of" a risk, an official must be subjectively aware of the risk to Plaintiff: that is, the official must both be aware of facts from which the inference could be drawn that Petitioner faces a substantial risk of serious harm, and he must also draw the inference. <u>Farmer</u>, 511 U.S. at 837; see also <u>Adames v. Perez</u>, 331 F.3d 508, 512 (5th Cir. 2003).

Plaintiff has not alleged that he was incarcerated under conditions posing a substantial risk of serious harm. He complains that he was a pretrial detainee housed in the same area as a convicted prisoner. However, it is not per se unconstitutional to house pretrial detainees and convicted inmates together. In <u>Jones v. Diamond</u>, 636 F.2d 1364 (5th Cir.1981), the Fifth Circuit stated that "[t]he confinement of pretrial detainees *indiscriminately* with convicted persons is unconstitutional unless such a practice is 'reasonably related to the institution's interest in maintaining jail security,' or physical facilities do not permit their separation." Thus, the Fifth Circuit in <u>Jones</u> recognized that the housing of pretrial detainees with convicted inmates may raise

constitutional concerns, but only if their classification together is handled indiscriminately without justification, Pembroke v. Wood County, 981 F.2d 225, 228 (5th Cir.1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates.

Significantly, the classification of inmates is an administrative function of the prison. Jones, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). Classification of inmates in Louisiana is a duty of the jailer, and an inmate has no right to a particular classification under state law. Woods v. Edwards, 51 F.3d 577, 581-582 (5th Cir. 1995).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), *abrogated on other grounds by* Booth v. Churner, 532 U.S. 732, 735 (2001).

Plaintiff has not alleged that housing decisions were made

indiscriminately without justification, nor that the decisions were not reasonably related to the prison's interest in maintaining jail security.

The deliberate indifference standard is "an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate. See Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003); see also Farmer, 511 U.S. at 838; Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996) (en banc).

Plaintiff does not allege that the defendants were aware that *he* was at a substantial risk of serious harm from Mills. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated." See Farmer 511 U.S. 858-9, J. Thomas, concurring; citing McGill v. Duckworth, 944 F.2d 344, 348 (CA7 1991). Plaintiff does not allege that he had any prior run-ins with Mills or that any defendant knew that Plaintiff was at risk of being harmed by Mills.

Additionally, Plaintiff does not claim that Jones or McFerrin were present at the time of the attack or had any involvement in the attack. To the extent that he claims that these two are liable

as supervisors, his claim fails. Under Section 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only if: (i) he affirmatively participates in acts that cause constitutional deprivations or (ii) he implements unconstitutional policies that causally result in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). As discussed above, Plaintiff has not identified an unconstitutional policy regarding housing inmates, nor has he alleged any factual allegations of personal involvement by the defendants.

## *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice for failing to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 14th day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE